Quick v. Allegheny Construction Equipment Co., Appellant, et al.

Argued March 24, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*John J. Pentz,* with him *Pentz & Silberblatt,* for appellant.

*Edward T. Kelley,* with him *E. P. Curran,* for appellee.

OPINION BY MR. JUSTICE LINN, April 11, 1949:

The plaintiff has judgment on his verdict against appellant. The question now is whether he is entitled to recover from the appellant in this common law action or by resort to the Workmen's Compensation Law.

The Statement of Question Involved suggests no dispute of fact; it is not disputed that there was evidence of negligence to be submitted to the jury. The only suggestion is that the plaintiff, employed by Albert,

was loaned to the appellant, in circumstances in which the appellant became his employer, and therefore not liable in this suit.

The plaintiff was employed by Frank Albert as a fireman on a steam shovel. Albert sold to the appellant a steam shovel, then at an airport in Clearfield. This sale, as Mr. Newman, appellant's witness, described it, "was a spot sale—as is, where is." Albert, the seller, was not required to deliver it at destination; the appellant was to get it where it stood at the airport. The shovel was operated by steam and the appellant had no employes at that point capable of operating it, and applied to Albert, the seller, for assistance in loading the steam shovel on a truck and trailer. Albert directed the plaintiff as fireman, and a man named Grubb, who could operate the steam shovel, to put the shovel on the trailer, meaning that they should get up steam on the shovel and run it up on the trailer. It was therefore necessary for the plaintiff to fire the boiler and raise steam; when that was done, Grubb drove it up on the trailer. Neither Grubb nor the plaintiff had anything to do with fastening or securing it to the trailer. Whatever was done so to secure it was done by appellant's employes. After the shovel was loaded, the trailer was moved by appellant's men from the airport to the public road and was on the way to the railway station where it was to be shipped, when the fastenings got loose and the shovel partly fell off the trailer and injured the plaintiff.

It is well settled that an employer may loan his employes to another in circumstances in which they may become the employes of the borrower. But our cases are clear that a workman cannot be loaned to become the employe of another without the workman's consent: *Tarr v. Hecla Coal Co.,* 265 Pa. 519, 522, 109 A. 224 (1920); *Sames v. Borough of Perkasie et al.,* 100 Pa. Superior Ct. 402, 407 (1930); *Nilsson v. Nepi Brothers et al.,* 138 Pa. Superior Ct. 107, 9 A. 2d 912 (1939). See

Skinner, Pennsylvania Workmen's Compensation Law,
4th ed., p. 85.

The plaintiff testified that he did not agree to become
the employe of the appellant, and there is no contradic-
tion of this. He stated that Albert, his employer, had
told him to fire-up the shovel but did not tell him that
it had been sold; that when "the accident happened, I
was just down on my fire door, opening it, when I heard
something crack . . ." That was work performed in the
line of his duty to Albert when the accident happened.
Millard Grubb, the operator of the shovel, said he knew
it was sold but he didn't know to whom. He said, "My
orders [received from Albert] was to come over and load
the shovel." His evidence shows that by "loading" he
meant driving the shovel up on the trailer which was in
charge of appellant's men. Quick, the plaintiff, testified
that during the loading he "watched the steam and the
pressure, to see that the steam and the pressure were
up" and that he did not "see who directed Mr. Grubb
in moving the shovel." The fact is that appellant's em-
ployes guided him in this movement of the shovel. The
plaintiff summed up his position with the following:
"A. I was told to put steam in that shovel, and they
didn't tell me what they was going to do—didn't tell
me they was going to load it, but I would have stayed
in to keep the steam up and would have stayed on until
they told me to get off of it, but nobody told me to get
off. Q. Then you fell off? A. That's right."

As there was no evidence that the plaintiff consented
to become appellant's employe and as the negligence and
the result are not challenged, we must overrule the
assignment of error and affirm the judgment. In this
view of the case, it becomes unnecessary to say anything
about the other defendant as to whom the court granted
a new trial.

Judgment affirmed.