John C. **RICHARDSON**, Appellant,

v.

**WALSH CONSTRUCTION COMPANY,** Morrison-Knudsen Company, Inc., Henry J. Kaiser Company and Perini Corporation, Appellees.

No. 14380.

United States Court of Appeals Third Circuit.

Argued Nov. 4, 1963.

Decided June 24, 1964.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Robert E. Wayman, Pittsburgh, Pa. (Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief) for appellees.

Before STALEY, HASTIE and SMITH, Circuit Judges.

SMITH, Circuit Judge.

■■ The plaintiff brought this action for personal injuries sustained at a construction site on which he was employed. The defendant B. Perini & Sons, Inc., was not served in the action, and at the pretrial conference the plaintiff consented to the dismissal of the complaint as against it. The other defendants filed an answer in which they admitted that the plaintiff was a laborer in the employ of B. Perini & Sons. However, in the fourth separate defense they alleged that at the time of the accident the plaintiff was in the joint employ of all the named defendants and that his exclusive remedy was under the Pennsylvania Workmen's Compensation Act. The affirmative of the issue as to the plaintiff's employment having been asserted by the defendants, the burden was upon them to prove it.

The issues raised by the fourth defense was separately tried [1] by the judge and a jury. At the trial the defendants contended that they and B. Perini & Sons were engaged in a joint venture of which the plaintiff was an employee at the time of the accident. In response to special interrogatories the jury found that the plaintiff was so employed and judgment in favor of the defendant was entered accordingly. A motion for a new trial was denied and this appeal followed.

The manner in which this case was tried has resulted in a record which leaves much to be desired. The principal deficiency lies in the paucity of relevant evidence of probative value. It is difficult for us to perceive how the jurors could have been expected to arrive at a fair and just determination of the issues on the basis of the meager evidence before it.

■ If, as the defendants here contend, there was a joint venture of which the plaintiff was an employee at the time of the accident, the plaintiff's exclusive remedy is under the Act. He may not maintain a common law action based on negligence against any one or more of the joint venturers. See Greenya v. Gordon, 389 Pa. 499, 133 A.2d 595. The fallacy in the defendants' position derives from their failure to prove that there was in fact a joint venture. The record is devoid of probative evidence as to the nature of the relationship between B. Perini & Sons, Inc., and the defendants.

■ A joint venture is an association of persons or corporations who by contract, express, or implied, agree to engage in a common enterprise for their mutual profit. The essential elements of a joint venture are: (a) a joint proprietary interest in, and a right to mutual control over, the enterprise; (b) a contribution by each of the parties of capital, materials, services or knowledge; and (c) a right to participate in the expected profits. McRoberts v. Phelps, 391 Pa. 591, 138 A.2d 439, 443, 444; Williston on Contracts, 3rd Ed., §§ 318, 318A. An agreement, express or implied, is requisite to the joint venture relationship. Ibid. The defendants in the instant case failed to offer any probative evidence as to the existence of such an agreement.

■ It appears from the record that the defendants attempted to prove the existence of a joint venture by the testimony of a construction superintendent and an office manager who stated that they were in the employ of 'Perini, Walsh, Morrison and Kaiser," a combination which they characterized as a "joint venture." This characterization was nothing more than a conclusion not supported by the evidence and completely lacking in probative value. The defendants also offered in evidence certain employment records which were carried under the name

---

1. This is appropriate trial procedure where the determination of an issue raised by an affirmative defense may result in the final disposition of the case.

"Perini Corporation & Walsh, Morrison, Kaiser." These records, although admissible for other purposes, were not proof as to the existence of a joint venture.

A further difficulty in this case arises from the defendants' admission that the plaintiff had been an employee of B. Perini & Sons and their allegation that at the time of the accident he was in the employ of the alleged joint venture. The admission and allegation, construed as consistent, would seem to indicate that there had been a change of employer prior to the accident. However, there is no evidence in the record as to the circumstances under which this change was effected. If there had been such a change, the lack of such evidence is of fundamental significance.

██ A prerequisite to the application of the Workmen's Compensation Act is an express or implied employment agreement which is essential to the employer-employee relationship as contemplated by the Act. Globe Indemnity Co. v. Liberty Mut. Ins. Co., 138 F.2d 180, 183 (3rd Cir. 1943); Gearhart v. Summit Fast Freight, 167 Pa.Super. 481, 75 A.2d 606, 607; Sones v. Thompson Furniture Co., 163 Pa.Super. 392, 62 A.2d 116; Harris v. Seiavitch, 336 Pa. 294, 9 A.2d 375. The employee's assent to the agreement is conclusively presumed to constitute an acceptance of the provisions of the Act, 77 P.S.Pa., § 461; Dupree v. Barney, 193 Pa.Super. 331, 163 A.2d 901, 905. There are circumstances under which there may be a change of employer but only with the knowledge and consent of the employee. However, if the change is effected pursuant to a private understanding between the employers and without the knowledge and acquiescence of the employee, the assent necessary to support the statutory presumption is lacking. The right of the employee to maintain a common law action against the second employer is not barred. Quick v. Allegheny Const. Equipment Co., 361 Pa. 377, 65 A.2d 238.

██ It appears from the undisputed evidence that on March 25, 1959, approximately nine months after the accident, the plaintiff and B. Perini & Sons, represented by the Continental Casualty Company, entered into an "agreement for compensation," authorized by Article IV, § 407 of the Act, as amended, 77 P.S.Pa. § 731. This agreement, except that portion referring to the compensation payable thereunder, was received in evidence as an exhibit offered on behalf of the plaintiff. The court refused to submit this exhibit to the jury for its consideration and, although requested by counsel for the plaintiff, refused to explain its withdrawal to the jury. In the colloquy between the court and counsel, the court commented: "No exhibit which has not been admitted entirely will go out."

The agreement was relevant and material on the issue of employment, and the failure of the court to submit it to the jury for consideration under proper instructions was prejudicial error. The error was compounded by the court's permitting a witnesss, called by the defendants, to testify as to the contents and import of the agreement under circumstances hereinafter discussed.

██ A compensation agreement, to come within the purview of the Act, must be "in writing, and signed by all parties in interest." 77 P.S.Pa. § 731, McGahen v. General Electric Company, 406 Pa. 57, 177 A.2d 85, 90; Busch v. Jones & Laughlin Steel Corporation, 150 Pa.Super. 48, 27 A.2d 656, 657. The very purpose of the statutory requirements is to protect the employee. The agreement is tantamount to a stipulation of the facts therein recited, including the fact of the employer-employee relationship between the parties whose signatures are thereto affixed. Feher v. YMCA Pottsville, 201 Pa.Super. 107, 192 A.2d 143, 147. An agreement which meets the statutory requirements, as the one here in question does, is valid and binding on the parties unless set aside or modified in the manner provided by statute. 77 P.S.Pa. §§ 731, 771.

██ The compensation agreement here in question was signed by the

plaintiff and, on behalf of B. Perini & Sons, by a representative of the Continental Casualty Company. It made no reference to the defendants as joint employers or otherwise. However, on the trial of the action the defendants called as a witness one Michael Kisse, who had negotiated the agreement but had not signed it. The witness testified at length, over the objection of plaintiff's counsel, as to the import of the agreement and the reason for the omission therefrom of the names of the defendants.

The testimony of the witness, at least in part, was as follows:

"Q. I show you a compensation agreement which has been marked as Plaintiff's Exhibit No. 1 and ask you if that is the agreement providing for workmen's compensation to Mr. Richardson?

"A. Yes, this is the agreement.

"Q. As you will note on that agreement, the name, the sole name of Perini appears, is that correct?

"A. That's right.

"Q. Will you tell us why the name Perini only appears on there?

"A. For the simple reason, there just isn't room on the comp agreement. There isn't room for the title of joint venture, as a matter of brevity and clerical time, we just cut it short to be Perini & Sons, to identify the particular job an injury occurred on."

At a later stage in his testimony the witness testified in substance that the agreement covered the compensation liability of the alleged joint venture. In support of this conclusion the witness was permitted to testify as to the conversations had with the plaintiff during the preliminary negotiations and prior to the consummation of the agreement.

The testimony was in direct contradiction of the relevant terms of the contract and in effect modified them. This testimony was clearly inadmissible and its admission was prejudicial error. The compensation agreement was an inte-grated contract complete on its face and was not subject to parol alteration, modification or variance in the absence of an averment of fraud, accident or mistake. Universal Film Exchanges, Inc. v. Viking Theatre Corporation, 400 Pa. 27, 161 A.2d 610, 616; International Milling Company v. Hachmeister, Inc., 380 Pa. 407, 110 A.2d 186, 187, 189, 190; Gianni v. R. Russel & Co., 281 Pa. 320, 126 A. 791, 792. The defendants made no such averment.

However, if such an averment had been made, and notwithstanding the exception to the parol evidence rule, the averment would not have availed the defendants because of the peculiar protection accorded compensation agreements by the Act. Such agreements may be set aside or modified for fraud or mistake only in a direct proceeding and in the manner provided by statute. 77 P.S.Pa. § 771. The statutory remedy is exclusive.

■■■■■ The trial court instructed the jury as to the many factors it might consider in the determination of the issue raised by the defendants' contention that the plaintiff was in their joint employ at the time of the accident. The instructions, tested by the rule laid down by this Court in McNello v. John B. Kelly, Inc., 283 F.2d 96, 101, 102, were inadequate. See also Atkinson v. Roth, 297 F.2d 570, 574 (3rd Cir. 1961). The plaintiff interposed no objection but requested a further instruction to the effect that the jury had a right to consider also as a factor "the oral agreement of hiring," which it was contended had been made with B. Perini & Sons, Inc., as the employer. This request was denied. In view of the deficiency in the court's charge the request was proper and its denial was error. A requested instruction in accord with a party's contention, and consistent with evidence in the case, must be granted unless the subject matter has been adequately covered in the court's main charge.

■■■■ The plaintiff assigns as error the court's refusal to receive in evidence

a statement made by him to a representative of the insurance carrier some months after the accident. This statement was nothing more than a self-serving declaration and the court's refusal to receive it was proper.

The judgment of the court will be reversed and the action will be remanded to the court below with directions that a new trial be had.