Frank Williams Plumbing and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ernest Mays, Respondents.

Argued November 3, 1978, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*George H. Thompson,* with him *Paul E. Sutter,* and *Hirsch, Weise & Tillman,* for petitioners.

*Clifford C. Cooper,* with him *Cooper & Lancaster,* for respondents.

Opinion by Judge Blatt, January 9, 1979:

Frank Williams Plumbing (employer) and its insurer, Old Republic Companies, have appealed to us from an order of the Workmen's Compensation Appeal Board, which affirmed a referee's award of benefits pursuant to a reinstatement petition filed by Ernest Mays (claimant). On May 10, 1974, while in the course of his employment, the claimant struck his left thumb with a hammer causing a fracture. He was paid compensation and eventually returned to work, but he

was discharged on July 15, 1975 because he was unable to form a sufficient grip with either hand to use the tools necessary in his work. Subsequently, he filed a petition for reinstatement of the compensation agreement, and attempted to establish before the referee that his then difficulty with both of his arms and hands was related to the injury of May 10, 1974, for which compensation was originally paid. The referee awarded compensation and the Board affirmed based on the following stipulated findings of fact:

11. Claimant at this point is markedly disabled in the use of both the right and left hands by denarvation [sic] of the ulnar intrinsic muscles of both hands, as well as loss of sensation into the fifth and half of the fourth fingers.

12. That the temporal relationship of the onset of the Claimant's symptoms with the accident of May 10, 1974 and no history of previous complaints, suggests a causal relationship between the accident and Claimant's present disability.

The employer now contends that the evidence given at the hearing was insufficient to carry the claimant's burden of proof or to establish a causal connection between the injury and his present disability. Such attack on the sufficiency of the evidence is now precluded, however, because counsel for both parties stipulated to the precise facts as found by the referee.[1] The only real issue, therefore, is whether or not the stipulated findings support the conclusion that the claimant is disabled as a result of his injury on May

---

[1] As the Superior Court said in *Thomas v. Bache*, 155 Pa. Superior Ct. 224, 233, 38 A.2d 551, 556 (1944): "Parties in workmen's compensation cases, as in all other civil proceedings, may enter of record a binding stipulation as to the facts of the case. It conclusively relieves them of the necessity of countervailing proof." (Citation omitted.)

10, 1974, and we are of the opinion that they do. We shall therefore affirm the order of the Board.

ORDER

AND Now, this 9th day of January, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed, and it is directed that judgment be entered against Frank Williams Plumbing and Old Republic Companies and in favor of Ernest Mays. The employer and/or its insurer are hereby ordered to pay the claimant compensation at the rate of $106.00 per week beginning as of June 15, 1975. The employer and/or its insurer are also directed to pay the following bills:

W.S. Nettrour, M.D. .................. $30.00
North Hills Passavant Hospital ........ $80.00

Accrued compensation shall bear the statutory interest rate of ten percent.