Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Allstate Insurance Company and Allied Foods, Respondents.

Argued June 7, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

*Laurence W. Dague*, Assistant Attorney General, for petitioner.

*Raymond F. Keisling*, with him *Will & Keisling*, for respondents.

OPINION BY JUDGE BLATT, September 27, 1979:

The Department of Labor and Industry (Department) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee and upheld a supplemental agreement entered into between Allstate Insurance Company (insurer) on behalf of Allied Foods and Stephen Civils (claimant).

The claimant suffered a job-related injury, and beginning on October 25, 1973, received compensation for total disability at the rate of $60.08 per week. On July 1, 1974, the insurer filed a modification petition alleging that the claimant was capable of performing light work. The claimant initially contested the petition, but, while the proceedings before the referee were in progress, he signed a supplemental agreement indicating that his disability had reduced to 50 percent and specifying compensation at $30.04

per week. The petition was withdrawn, and the agreement was submitted to the Department, which rejected it. The insurer nevertheless continued to make payments under the supplemental agreement, and the Department then initiated proceedings against the insurer to establish whether or not such payments were in violation of the provisions of The Pennsylvania Workmen's Compensation Act[1] (Act). A referee concluded that the insurer was in violation of Section 407 of the Act, 77 P.S. §731, which provides in pertinent part as follows:

> It shall be the duty of the department to examine the agreement to determine whether it conforms to the provisions of this act and rules and regulations hereunder.

The Board, however, reversed the referee, ruling that the Department's only duty is to determine whether or not an agreement conforms to the Act and the regulations thereunder and that the Department had not shown how the instant agreement did not so conform. The Board concluded, therefore, that the carrier did not violate the Act. We agree.

While it is clear that the Department has the obligation to reject agreements which do not conform to the Act and regulations, it is equally clear that it can reject only those agreements which do not so conform. If, therefore, the agreement here did conform to the Act and regulations, then the Department's rejection was improper and the insurer's payments thereunder were not in violation of the Act. We must therefore consider whether or not the supplemental agreement violated the provisions of the Act or regulations.

The Department's first objection to the validity of the supplemental agreement is that it specified a

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq.

reduction in "disability" to 50 percent, whereas the Act requires that compensation for partial disability be based on loss of earning power and not on the percentage of disability suffered. *See Scott v. DeAngelis,* 3 Pa. Commonwealth Ct. 168, 281 A.2d 172 (1971). It is true that the agreement here does refer to "disability" rather than to "loss of earning power", but we are not persuaded that it is thereby rendered invalid. It is clear that the attempt to reduce the compensation here was initiated when the insurer determined that the claimant could perform light work; that is, that the claimant's *loss of earning power* had decreased. Moreover, the agreement to reduce compensation suggests by its very terms that it was the claimant's loss of earning power which had decreased from 100 percent to 50 percent. In fact, the compensation was reduced from $60.08, which represented 100 percent loss of earning power, to $30.04, which would obviously represent 50 percent loss of earning power. It seems to us, therefore, that the agreement was intended to fix claimant's loss of earning power at 50 percent. A change in *medical* disability may or may not result in a loss of earning power, but the semantic distinction which the Department has drawn in this case lacks legal merit.

The Department next argues that the agreement is void because it varies the terms of compensation specified in the Act. *See Seely v. Galeton Lumber Co.,* 28 Pa. Commonwealth Ct. 382, 369 A.2d 903 (1977). It argues that, if the claimant's loss of earning power has decreased to 50 percent, then the amount of his compensation should be two-thirds of $30.04, without indicating how it arrived at this amount. Actually, however, Section 306 of the Act, 77 P.S. §512, provides for the following compensation:

For disability in character (except the particular case mentioned in clause (c)) sixty-six

and two-thirds per centum of the difference between the wages of the injured employe, as defined in section three hundred and nine, and the earning power of the employe thereafter;

The claimant's compensation here would therefore be computed as follows:

$90.12 stipulated wages of claimant
— 45.06 present earning power (50 percent of wages)

———

45.06
x     .66 2/3

———

$30.04 weekly compensation under the Act

Obviously, the agreement does not vary the terms of compensation under the Act because $30.04 is precisely the amount to which the parties stipulated.

Finally, the Department argues that the supplemental agreement was invalid because it was entered into during the pendency of the petition to modify and altered the amount of compensation then being paid, thus constituting an invalid compromise settlement. This contention, however, misinterprets the law. Section 407 of the Act, 77 P.S. §731, prohibits agreements which vary "the amount to be paid or the period during which compensation shall be payable *as provided in this Act. . . ."* Thus, it is settlements which provide for payments in an amount or for a period different from the amount or period provided in the Act for the particular stated disability which are invalid. In the present case the parties stipulated in the supplemental agreement to the loss of earning power at 50 percent,[2] and, as we demonstrated in our

———

[2] The extent of disability or loss of earning power is, of course, a question of fact which is susceptible to resolution by the parties through a compensation agreement (as in this case) as well as by stipulation on an evidentiary record. *Cf. Richardson v. Walsh Con-*

computation above, the agreement provided for compensation for 50 percent disability in conformance with the terms of the Act. The agreement, therefore, did not constitute an invalid compromise settlement.

We can find no violation of the Act in the supplemental agreement here concerned, and we shall therefore affirm the Board's adjudication.

### ORDER

AND Now, this 27th day of September, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

*struction Co.*, 334 F.2d 334 (3rd Cir. 1964) (compensation agreement tantamount to stipulation of facts recited therein) ; *Thomas v. Bache*, 155 Pa. Superior Ct. 224, 38 A.2d 551 (1944) (stipulation in workmen's compensation case is conclusive).