Carlos W. Klingler, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, William Rupert and Security Insurance Group, Respondents.

336

Argued December 6, 1979, before Judges CRUM-LISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*James Bukac,* for petitioner.

*Elmer G. Klaber,* for respondents, William Rupert and Security Insurance Group.

OPINION BY JUDGE MENCER, April 8, 1980:

Carlos W. Klingler (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board), which affirmed the dismissal of his modification petition.

Claimant suffered a work-related heart attack on April 17, 1960 and was awarded total disability payments. In 1967, William N. Rupert (employer) filed a modification petition. On November 5, 1970, the referee, after several hearings and pursuant to a stipulation entered into by counsel for both parties, granted the petition and awarded maximum partial disability

compensation to claimant, commencing January 17, 1969. No appeal was filed from that decision, but, in 1975, when the time limit for the partial disability was reached, claimant filed a modification petition alleging (1) that claimant has suffered a recurrence of total disability and, (2) in the alternative, that the 1970 award was null and void and, therefore, the total disability award should be reinstated. From the dismissal of these arguments by the Board, claimant's appeal to this court followed.

Claimant's first argument that he has established a recurrence of total disability is without merit. The burden is on claimant to establish by substantial evidence that the disability has "recurred or increased *after the date of the prior award." Harry Halloran Construction Co. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 272, 274, 395 A.2d 325, 326 (1978) (emphasis in original). Moreover, this proof must be made "by precise and credible evidence which [is] of a more definite and specific nature than that upon which initial compensation is based." *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 530, 534, 377 A.2d 833, 835 (1977).

Claimant here relies on medical testimony adduced at hearings in 1967, 1962 and 1961, all of which were *prior* to the 1970 partial disability determination. Furthermore, claimant admitted that he suffered from other ailments.[1] In view of the factual situation, we must conclude that claimant's failure to produce medical testimony establishing a change from partial to total disability requires us to reject his argument. *See Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979).

---

[1] Claimant admitted that he suffered from multiple sclerosis, that he had difficulty with his memory, and that he suffered from tic doulourex, for which he had undergone several operations.

Claimant argues in the alternative that the stipulation entered into by counsel for claimant and employer, with respect to the 1970 award, constitutes an illegal settlement or compromise of an existing claim, in violation of Section 407 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §731, which provided, in pertinent part, at the time in question:

[T]he employer and employe . . . may agree upon the compensation payable to the employe . . . under this act; but any agreement . . . permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void.

In *Department of Labor & Industry v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 234, 238, 406 A.2d 354, 356 (1979), we determined that Section 407 will invalidate those ''settlements which provide for payments in an amount or for a period different from the amount or period provided in the Act for the particular stated disability.''

The parties here stipulated to the date upon which partial disability began and agreed that interest would be waived. We believe that stipulating to the date of disability was proper as a stipulation of fact and did not result in a variance in either the amount to be paid or the period for which compensation was paid. Stipulated findings can support a conclusion of the referee, *Frank Williams Plumbing v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 588, 396 A.2d 68 (1979), and in fact bind the referee and the Board. *Thomas v. Bache,* 155 Pa. Superior Ct. 224, 38 A.2d 551 (1944). *See also Guzik v. Laurel Ridge Construction Co.,* 196 Pa. Superior Ct. 586, 176 A.2d 183 (1961). Claimant's reliance on *Wahs v.*

*Wolf,* 157 Pa. Superior Ct. 181, 42 A.2d 166 (1945), is misplaced, since *Wahs* invalidated a lump-sum agreement, which the claimant signed, along with a final release, in exchange for the employer's withdrawal of his appeal.[2]

Claimant's other argument, however, that the agreement to waive interest is improper, has merit. At the time in question, Section 410 of the Act, 77 P.S. §751, provided, in pertinent part:

> Whenever any claim . . . is finally adjudicated in favor of the claimant, the amounts of compensation actually due at the time the first payment is made . . . shall bear interest at the rate of six per centum per annum. . . .

The Act is designed to compensate for accidental injuries. *Billick v. Republic Steel Corp.,* 214 Pa. Superior Ct. 267, 257 A.2d 589 (1969). Interest payments are clearly intended to effect the compensatory goal of the Act, since the purpose of the interest provision "is to put the claimant, when his right to compensation is finally adjudicated in his favor, in the *same position as if no contest had been made,* considering interest at six per cent equivalent to the loss of the use of the money." *Petrulo v. M. O'Herron Co.,* 122 Pa. Superior Ct. 163, 168, 186 A. 397, 399 (1936) (emphasis added). We must conclude, therefore, that interest payments are a part of the compensation due claimant and that any attempt to vary the amount of

---

[2] Likewise inapposite is *Seeley v. Galeton Lumber Co.,* 28 Pa. Commonwealth Ct. 382, 369 A.2d 903 (1977).

In addition, we note that claimant cannot now, five years after the decision of the referee, use his modification petition to relitigate the percentage of disability determined in the prior award. *E. R. Reed Contractor Co. v. Keener,* 7 Pa. Commonwealth Ct. 580, 300 A. 2d 847 (1973). The proper, and only, method of attacking an erroneous decision of a referee or Board is by a timely appeal. *Workmen's Compensation Appeal Board v. Booth & Flinn Co.,* 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975).

interest by execution of a waiver is contrary to Section 407. Thus, we find the agreement to waive interest null and void and must remand this matter to the Board for the sole purpose of determining a computation of interest.[3]

### ORDER

AND Now, this 8th day of April, 1980, the order of the Workmen's Compensation Appeal Board, dated February 9, 1979, is vacated, and the matter is remanded to the Board for the sole purpose of determining computation of interest.

President Judge BOWMAN and Judge DISALLE did not participate in the decision in this case.

---

[3] Claimant's further argument that the 1970 award was inadequate as a matter of law because employer failed to establish availability of suitable work as required by *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A.2d 891 (1967), is meritless. Claimant should have raised that issue on appeal from the 1970 order. *Workmen's Compensation Appeal Board v. Booth & Flinn Co., supra.*