Westinghouse Electric Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Beulah R. Teitt, Respondents.

Submitted on briefs, April 9, 1981, to Judges MEN-
CER, CRAIG and PALLADINO, sitting as a panel of three.

*Robert W. Murdoch, Jones, Gregg, Creehan and Gerace*, for petitioner.

*Morrison F. Lewis, Jr.*, for respondent, Beulah R. Teitt.

OPINION BY JUDGE MENCER, June 9, 1981:

Matthew J. Teitt suffered a myocardial infarction in the course of his employment with Westinghouse Electric Corporation (Westinghouse) and died as a result thereof. His widow, Beulah R. Teitt (claimant)

filed a fatal claim petition and, following a hearing, a workmen's compensation referee made an award of benefits to the claimant. Westinghouse appealed this award to the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision and dismissed Westinghouse's appeal. Westinghouse seeks our review of the Board's order. We affirm.

Westinghouse raises here a single question: Was the award of the referee based upon an insufficient quality and quantity of competent evidence so that the Board erred in affirming the referee's findings of fact and conclusions of law?

Westinghouse contends that the claimant's medical testimony was not sufficiently competent to unequivocally establish that the myocardial infarction suffered by Matthew J. Teitt was work related.

Our scope of review is critical in this case and, since the claimant prevailed in the administrative process, we are to determine whether constitutional rights were violated, an error of law was committed, or findings were not based upon substantial evidence. *Latrobe Steel Co. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 460, 399 A.2d 465 (1979). Where a decedent is performing his or her usual job assignment at the time of the fatal heart attack and the connection between the work and the heart attack is supported by competent medical testimony, decedent's claimant is entitled to compensation. *Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.*, 479 Pa. 286, 388 A.2d 659 (1978).

It is settled that it is not for this Court to resolve conflicts in the testimony or to assess the credibility of witnesses. *Workmen's Compensation Appeal Board v. Vitello*, 33 Pa. Commonwealth Ct. 172, 380 A.2d 1326 (1977). The referee is the ultimate factfinder in our system of resolving workmen's compensation disputes. *Smith v. Workmen's Compensation Appeal Board*, 40

Pa. Commonwealth Ct. 117, 396 A.2d 905 (1979). This Court will not determine the probative value of testimony even if, on the same record, it might have reached a different result. *Workmen's Compensation Appeal Board v. Baldwin-Lima-Hamilton Corp.*, 24 Pa. Commonwealth Ct. 403, 356 A.2d 375 (1976).

Therefore, with these review principles in mind, we have carefully reviewed the testimony of claimant's medical witness, Dr. Eugene L. Youngue. Although Dr. Youngue's testimony could be arguably described as less than unequivocal, we believe that on total it could fairly be concluded that he stated his professional opinion that the stress at work experienced by Matthew J. Teitt and his inability to deal with stress were causally related to the myocardial infarction which he sustained on October 21, 1974 during the course of his employment that day.[1] Accordingly, we

---

[1] The critical questions and answers pertaining to the necessary causal connection were as follows:

Q. Do you have an opinion as to . . . the causal relationship between the immediate cause of death and his employment?

MR. JONES: Before the Doctor answers, I'll again put the same objections on the record without repeating them; but let them stand.

DR. YOUNGUE: Yes, in my opinion he had shown increasing inability to deal with stress. He told me about stress at work. Now, this would mean to me that with increasing inability to deal properly with stress that he was a prime choice for a coronary or myocardial infarction which occurred.

Q. Is it therefore your opinion that the stress that this man was under at his employment was, in fact, a possible cause of his death—I don't mean the cause—

A. In a sense.

Q. I didn't phrase that too well, excuse me. What I mean is, the conditions that you had observed in your patient, including the stress, is it your opinion that this was causally related to the myocardial infarction sustained on October 21, 1974?

A. Yes.

must conclude that the necessary findings of fact in this case are supported by substantial evidence and that the claimant has shown, and the referee has found, the required causal connection between the occurrence of Matthew J. Teitt's heart attack and his working duties, so as to establish that his death was related to his employment.

Finally, we must dismiss Westinghouse's contention that disabilities with a basis in stress are not compensable. Previous decisions of this Court have recognized the validity of a causal connection between work-related stress and a subsequent compensable disability. *See Breen v. Pennsylvania Crime Commission*, 52 Pa. Commonwealth Ct. 41, 415 A.2d 148 (1980) (demands of claimant's position and the resulting stress aggravated his preexisting colon condition); *Owens v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 510, 395 A.2d 1032 (1979) (osteoarthritis resulting from stressful work); *Steinle v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 241, 393 A.2d 503 (1978) (policeman suffered an abnormal coronary insufficiency after being anxious and apprehensive of serious racial violence).

Accordingly, we enter the following

### Order

And Now, this 9th day of June, 1981, the order of the Workmen's Compensation Appeal Board, dated March 28, 1980 to Docket No. A-77875, is hereby affirmed, and it is ordered that judgment be entered in favor of claimant Beulah R. Teitt and against Westinghouse Electric Corporation on behalf of herself and dependent son Carl, at the rate of $106 per week, commencing October 21, 1974 and continuing until January 19, 1979, and, on behalf of herself, at the rate of $106 per week, commencing January 19, 1979 and continuing indefinitely thereafter as long as she remains eli-

gible under the provisions of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq.*

Westinghouse Electric Corporation is also directed to pay Beulah R. Teitt the amount of $750 for reasonable burial expenses and $83.85 for costs incurred in the prosecution of her claim.

Westinghouse Electric Corporation is directed to deduct from back compensation due and owing Beulah R. Teitt, as of August 27, 1979, 20 percent of said sum and to pay it directly to Morrison Lewis, Esquire, Law and Finance Building, Greensburg, Pennsylvania 15601.

All deferred compensation payments shall bear interest at the rate of 10 percent per annum from the due date thereof.