# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pravco, Inc. and New Jersey      :
Manufacturers Insurance Company,    :
               Petitioners     :
                                 :
           v.                :   No. 197 C.D. 2015
                                 :   SUBMITTED: September 18, 2015
Workers' Compensation Appeal     :
Board (Marshall),                 :
                Respondent     :


BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                   HONORABLE ROBERT SIMPSON, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
JUDGE LEADBETTER                          FILED: December 18, 2015

Employer Pravco, Inc. and New Jersey Manufacturers Insurance Company petition for review of an order of the Workers' Compensation Appeal Board that affirmed the decision of a Workers' Compensation Judge (WCJ) to grant the claim and penalty petitions of Claimant Edward Marshall. We affirm the Board's order granting the claim and penalty petitions, but reverse it to the extent that the Board erred in affirming the calculation of Claimant's average weekly

wage (AWW). Accordingly, we remand this matter for a modification of Claimant's benefits, including the awarded penalty, to reflect an accurate AWW.[1]

After working for Employer for three weeks, Claimant filed a claim petition in March 2012 alleging that he sustained an injury to his left ankle in September 2010[2] while in the course and scope of his employment as a union roofer. Claimant also filed a penalty petition alleging that Employer violated the Workers' Compensation Act (Act)[3] by failing to timely file bureau documents within twenty-one days of the work injury. Notwithstanding Employer's timely answers denying the allegations of each of those petitions, it does not dispute on appeal that the correct date of injury is September 2011 and that there are grounds for the penalty petition.

The WCJ granted the claim petition, accepting as credible the testimony of Claimant and board-certified foot and ankle surgeon Albert Anaim, M.D. In calculating an average weekly wage (AWW), she accepted Claimant's testimony from his July 2012 deposition that he was paid $30.78 per hour and typically worked forty hours per week, depending on the weather. In so doing, she rejected Employer's Exhibit D-1, depicting a statement of wages for Claimant with an AWW of $495.79 and a corresponding compensation rate of $429. January 18, 2013 Hearing, Employer's Exhibit D-1 at 1; Reproduced Record (R.R.) at 122a. Accordingly, the WCJ calculated Claimant's AWW as $1231.20 pursuant to Section 309(d.2) of the Act,[4] 77 P.S. § 582(d.2), and awarded him temporary total disability benefits in the weekly amount of $828.80, beginning September 3, 2011

---

[1] In May 2015, this Court denied Employer's application for supersedeas.

[2] There is no dispute on appeal that the injury occurred in September 2011.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 - 1041.4, 2501 - 2708.

[4] This section was added by the Act of June 24, 1996, P.L. 350.

and ongoing, thereby ruling that he was entitled to partial disability benefits during the time period that he worked.[5]  In addition, the WCJ granted Claimant's penalty petition, assessing penalties in the amount of twenty percent on all compensation owed.  The Board affirmed[6] and Employer's petition for review challenging Claimant's AWW followed.[7]

On appeal, Employer argues that the WCJ erred in calculating the AWW because she declined to afford stipulation status to an on-the-record colloquy between the attorneys regarding Employer's Exhibit D-1.  The disputed colloquy, wherein the WCJ seemingly accepted the parties' stipulation, is as follows:

> Mr. Dremann [Employer's counsel]:  Your Honor, we have first the Statement of Wages with supporting wage documentation from the employer.
>
> Judge Santoro:  D-1.  Any objection to D-1?
>
> Ms. Chandy [Claimant's counsel]:  No objection to the submission, Your Honor.  But if we disagree with the calculation, we'll provide that with our brief?
>
> Judge Santoro:  No.  That one I won't do for you.
>
> Ms. Chandy:  Okay.
>
> Judge Santoro:  Did they have this before today?
>
> Mr. Dremann:  Yes, for a long time.
>
> Judge Santoro:  Okay, then no.

---

[5] Where an employee does not have fixed hourly wages and has worked for less than thirteen calendar weeks, Section 309(d.2) provides that the AWW shall be the hourly wage rate times the number of hours the employee is expected to work per week under the terms of employment.  ($30.78 x 40 = $1231.20, $1231.20 x 66 2/3 = $820.80)  Although the WCJ's order indicates $828.80, Finding of Fact No. 4 reflects the accurate calculation of $820.80.

[6] Alfonso Frioni, Jr., chairman of the Workers' Compensation Appeal Board, concurred in the result only.

[7] The determination of an AWW is a question of law, subject to our plenary review. *Anderson v. Workers' Comp. Appeal Bd. (F.O. Transp.)*, 111 A.3d 238, 244 (Pa. Cmwlth. 2015).

3

> Ms. Chandy: *Your Honor, we do agree to the Statement of Wages. I apologize.*
>
> Judge Santoro: No problem. You make my life easier.
>
> (Whereupon, the document was marked as Defendant's Exhibit No. D-1 for identification, and was received in evidence.)

January 18, 2013 Hearing, Notes of Testimony (N.T.) at 7-8; R.R. at 117-18a (emphasis added).

We conclude that the WCJ was entitled to construe the above-quoted discussion as a binding stipulation and, in fact, did so at the January 2013 hearing. It is well established that parties in workers' compensation matters, "as in all other civil proceedings, may enter of record a binding stipulation as to the facts of the case." *Thomas v. Bache*, 38 A.2d 551, 556 (Pa. Super. 1944), *rev'd on other grounds*, 40 A.2d 495 (Pa. 1945). Where, as here, a stipulation is clear on its face, a fact finder, including an administrative agency, is required to accept the stipulated facts as binding. *Spencer v. City of Reading Charter Bd.*, 97 A.3d 834, 843 (Pa. Cmwlth. 2014). Accordingly, notwithstanding the fact that the WCJ relied upon Claimant's 2012 testimony in calculating a higher AWW, the parties' 2013 stipulation to the lower figures depicted in Employer's Exhibit D-1 supersedes his testimony adduced before the stipulation. *See Klinger v. Workmen's Comp. Appeal Bd.*, 413 A.2d 432, 434 (Pa. Cmwlth. 1980) (holding that, where the parties executed a stipulation of facts, the claimant could not challenge those facts via testimony presented before the execution of the stipulation).

4

In any event, even if we consider Claimant's testimony in his favor as the party who prevailed below,[8] it is inadequate to support the AWW calculated. His testimony on direct as to the number of hours that he generally worked was as follows:[9]

> A. Depending upon rain and stuff, 40. One week, I think, was 24, because we had a lot of – couple rainstorms hence why all the material flew out in the field.
>
> Q. When you were hired, was there any discussion about overtime work being expected?
>
> A. Yeah. You open up the roof, you got to close it. I mean, there was a couple days we worked like nine hours, ten hours. Nothing major.

Claimant's July 24, 2012 Deposition at 9; R.R. at 26a.

As evident from Claimant's testimony, he never testified that he had a guaranteed expectation of working forty hours per week. He admitted that his work was weather dependent and that, due to a rainstorm, he had only worked twenty-four hours during one of the three weeks that he worked for Employer. His testimony, therefore, illustrated that his job could be sporadic in nature and that his hours could vary from week to week. Accordingly, consistent with *Burkhart Refractory Installation v. Workers' Compensation Appeal Board (Christ)*, 896 A.2d 9, 12-13 (Pa. Cmwlth. 2006), which addresses situations where an AWW cannot be calculated pursuant to Section 309(d.2) of the Act, the WCJ should have

---

[8] *Id*. at 244 n.3 (holding that we must review the evidence in the light most favorable to the party who prevailed before the WCJ).

[9] Although Claimant also testified that he was paid the prevailing union rate of $30.78 per hour, there is no support in the record to support that figure.

calculated Claimant's AWW based on his earnings, divided by the number of weeks in which he actually worked.[10]

Moreover, Employer's calculation is consistent with case law outlining the proper calculation in analogous circumstances for newly hired employees. In that regard, the AWW depicted in Employer's Exhibit. D-1 reflects the economic reality of Claimant's pre-injury earnings such that it constitutes a fair assessment of his "earnings when he was actually working and advances the humanitarian purpose of the Act." *Anderson v. Workers' Comp. Appeal Bd. (F.O. Transp.)*, 111 A.3d 238, 245 (Pa. Cmwlth. 2015) (quoting *Burkhart*, 896 A.2d at 13). As Employer notes, its actual payroll records for the three weeks that Claimant worked indicate eighteen hours, twenty-one hours and twenty-four hours. January 18, 2013 Hearing, Employer's Exhibit D-1 at 1; R.R. at 122a. Accordingly, mindful that the colloquy at issue reflects that Claimant's counsel agreed to Employer's exhibit, that Claimant's testimony does not support the AWW as rendered and that the WCJ never gave a reason for rejecting the stipulation, we conclude that the WCJ should have accepted the figures set forth in Employer's Exhibit No. D-1 in calculating Claimant's AWW.

Accordingly, we affirm the Board's order granting Claimant's claim and penalty petitions, but reverse to the extent that the Board erred in affirming the calculation of the AWW. This matter is remanded for modification of Claimant's

---

[10] Pursuant to Employer's statement of wages, Claimant's total earnings were $1487.37. Total earnings divided by three, the number of weeks that he worked, equals $495.79 per week. Accordingly, Claimant's AWW should be $495.79, with a corresponding compensation rate of $429.

benefits, including the awarded penalty, to reflect an AWW of $495.79 and a corresponding compensation rate of $429.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Pravco, Inc. and New Jersey          :
Manufacturers Insurance Company,     :
                Petitioners       :
                               :
              v.       : No. 197 C.D. 2015
                               :
Workers' Compensation Appeal         :
Board (Marshall),                    :
                Respondent        :

# **O R D E R**

AND NOW, this 18th day of December, 2015, the order of the Workers' Compensation Appeal Board granting Claimant's claim and penalty petitions is hereby AFFIRMED. Further, to the extent that the Board erred in affirming the WCJ's calculation of Claimant's average weekly wage, we REVERSE and REMAND this matter to the Board with instructions for further remand to the WCJ to modify Claimant's benefits, including the awarded penalty, to reflect an average weekly wage of $495.79 and a corresponding compensation rate of $429.

        Jurisdiction relinquished.

 

                                      _____

                                      **BONNIE BRIGANCE LEADBETTER,**
                                      Judge