John T. Mitchell, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Townsend & Bottum, Inc.), Respondents.

Submitted on briefs October 6, 1982, to President Judge Crumlish, Jr. and Judges MacPhail and Doyle, sitting as a panel of three.

*Amiel B. Caramanna, Jr.,* for petitioner.

*Meyer, Darragh, Buckler, Bebenek & Eck,* for respondent, Townsend & Bottum, Inc.

OPINION BY JUDGE DOYLE, April 13, 1983:

This is an appeal by John T. Mitchell, Jr. (Claimant) from the decision and order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee to deny a claim petition filed against his employer, Townsend & Bottum, Inc. Following a careful review of the record, we affirm the order of the Board.

Claimant was employed by Townsend & Bottum as a plumber and welder's helper. On November 14, 1977, Claimant sought medical treatment for a loss of hearing. Claimant complained that he had lost hearing in his right ear over an eight year period and had recently experienced vertigo before suffering sudden hearing loss to the left ear.[1] Following an examination by John DiCicco, M.D. which revealed that Claimant had no hearing in either ear, Dr. DiCicco concluded that the loss of hearing in the left ear was the result of a perilymphatic fistula.[2] Dr. DiCicco explained that this condition may be caused by physical exertion, coughing, nose blowing, or a loud traumatic noise. In an effort to attribute the disability to his employment, Claimant testified that several months previous he had been exposed to a boiler blowdown blast at his place of employment. The referee did not accept this testimony, however, as establishing the necessary causal connection. The referee found that:

---

[1] At no time was Claimant's hearing loss to the right ear the subject of the claim petition.

[2] This condition allows fluid to escape from the inner ear into the middle ear.

5. The claimant's testimony is replete with variances, divergences, and contradictions, involving his version of alleged exposure, injury, notice, disability, and other elements.

The referee therefore concluded that Claimant's disability was not work related. After the Board affirmed the referee without accepting additional evidence, Claimant appealed to this Court alleging that the referee capriciously disregarded competent evidence.

Where there is no obvious causal connection between a claimant's disability and his employment, the causal connection must be established by unequivocal medical testimony. *Heffer v. GAF Corporation,* 29 Pa. Commonwealth Ct. 365, 370 A.2d 1254 (1977). Medical testimony based on possibility, or even probability, is not legally competent to establish the causal connection in such a case. *Halaski v. Hilton Hotel,* 487 Pa. 313, n. 2, 409 A.2d 367, n. 2 (1979); *Czankner v. Sky Top Lodge, Inc.,* 13 Pa. Commonwealth Ct. 220, 308 A.2d 911 (1973). The record shows that Dr. DiCicco's unequivocal conclusion that Claimant's disability was work related was based exclusively upon a hypothetical question which assumed a fact in contradiction to the referee's findings.[3] When all reference to the contradictory fact was deleted, Dr. DiCicco's opinion was substantially altered:

Well, if going by the records and going by what is stated here, I couldn't make the connection ... In other words, I couldn't say that his hearing loss was due to a blast, that he had acoustic trauma which he had underwent in July, now

---

[3] The hypothetical assumed that Claimant was exposed to a boiler blowout blast which caused an excessive amount of noise. Not only did the referee fail to find credible evidence of the blast, but the question did not describe the duration or decible level of the noise or the degree of exposure.

presenting on November 14 with that type of history.

Thus, considering Dr. DiCicco's entire testimony, it is clear this evidence is not competent to establish the causal link to relate Claimant's disability with his employment. Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

ORDER

Now, April 13, 1983, the order of the Workmen's Compensation Appeal Board at A-79762, dated March 12, 1981, is hereby affirmed.