Burke-Parsons Bowlby Corp. and U. S. F. & G. Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Darlene Frederick, w/o John), Respondents.

Submitted on briefs November 14, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Raymond F. Keisling, Will and Keisling,* for petitioners.

*Paul J. Quattrone,* for respondent, Darlene Frederick.

OPINION BY JUDGE DOYLE, February 3, 1984:

Employer appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's award of compensation to decedent employee's widow and children.

On July 13, 1972, employee, John Frederick, suffered a head injury while employed as a laborer at Employer's saw mill. After the injury, employee experienced headaches, irritability, and occasional blackouts. On October 3, 1972, employee lost consciousness while driving, and was killed when his car crossed into oncoming traffic and collided with a truck. On December 7, 1973, employee's widow, Darlene Frederick (Claimant), filed a death claim with the Bureau of

Workmen's Compensation,[1] alleging that her husband's fatal accident was caused by his work-related head injury.

A hearing was held, and on March 4, 1975, the referee entered an award in favor of Claimant. On August 28, 1975, the Board reversed and remanded for a specific finding of fact as to whether or not the fatal accident was caused by the work-related head injury. After Employer's appeal to this Court was quashed as interlocutory,[2] the referee entered a new award for Claimant on January 6, 1977, revising his previous findings of fact. On July 7, 1977 the Board again reversed and remanded, this time so that additional evidence could be taken as to the cause of the fatal automobile accident itself. On June 29, 1979, after hearing additional evidence, the referee concluded that causation had been established, but denied recovery on the basis of Claimant's failure to give notice. The Board reversed on the notice issue, and remanded for a determination of the amount of award. On October 7, 1980, the referee entered an award, which was affirmed by the Board on January 21, 1982. It is this order that is the subject of the present appeal.

Employer contends that Claimant did not sustain her burden of proof in establishing a causal connection between the work-related injury and the blackout, which admittedly caused the fatal accident of October 3, 1972. Employer cites testimony taken at the first hearing on July 29, 1974, in which Dr. Dennis A. Sharkey, Jr., a pathologist who performed an autopsy on the decedent employee, stated that it was "possible" that employee had suffered brain damage as a result of his work-related injury.

---

[1] *See* Section 410 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §751.

[2] *Workmen's Compensation Appeal Board v. Burke-Parsons Bowlby Corp.*, 25 Pa. Commonwealth Ct. 498, 359 A.2d 855 (1976).

Where there is no obvious causal connection between employee's disability and his employment, the causal connection must be established by unequivocal medical testimony. *Mitchell v. Workmen's Compensation Appeal Board (Townsend & Bottum, Inc.)*, 73 Pa. Commonwealth Ct. 401, 458 A.2d 313 (1983). It is true that this Court has held that such a causal connection cannot be established by testimony that the disability might have been, or probably was the result of employee's employment. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983); *Mitchell.* We have also held, however, that not every utterance which escapes the lips of a medical expert need be certain, positive, and without reservation for the testimony to support an award. *Philadelphia College.*[3]

In the present case a review of the record indicates that immediately after the testimony cited by the Employer, Dr. Sharkey further testified that a person who had suffered a head injury and later experienced blackouts would be suffering from a "post concussion syndrome,"[4] and, assuming such facts to be true in relation to the employee, that he was suffering from such a condition at the time of the fatal automobile accident.

Such testimony clearly establishes a causal connection between employee's work-related head injury and the "post concussion syndrome," a condition which ultimately caused his death. In light of this

---

[3] In *Philadelphia College*, we held that opinion testimony from a medical expert will support an award even if the witness admits to uncertainty, reservation, doubt or lack of information with respect to medical or scientific details, so long as the witness does not recant the opinion or belief first expressed.

[4] Dr. Sharkey described "post concussion syndrome" as a condition occurring as a result of a blow to the head, and characterized by irritability, headaches, and periodic loss of consciousness.

testimony, the doctor's earlier testimony that such a causal connection was merely ''possible'' is not fatal to claimant's proof on the issue of causation. Although words such as ''possible'' and ''probably caused'' do not meet the test of legal sufficiency of medical evidence on causation, such language must be construed in the context of the entirety of the doctor's testimony. *See Breen v. Pennsylvania Crime Commission,* 52 Pa. Commonwealth Ct. 41, 415 A.2d 148 (1980). Therefore, the Board did not err in affirming the referee's findings on this issue.

Employer also contends that the initial remand by the Board on August 28, 1975, was improper. ''[T]he Board's power to remand cases to the referee . . . [is] limited to two instances: (1) where the findings of the referee are not supported by competent evidence or (2) where the referee has failed to make a finding on a crucial issue, necessary for the proper application of the law.'' *LoRubbio v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 529, 532, 411 A.2d 866, 867 (1980).[5] The Board remanded in this instance because the referee had failed to make a finding as to whether or not the death of October 3, 1972 was caused by the admitted injury of July 13, 1972. As this issue was crucial to the outcome of the case, the Board was correct in remanding for additional findings.

For the foregoing reasons, we affirm the order of the Workmen's Compensation Appeal Board.

## ORDER

Now, February 3, 1984, the order of the Workmen's Compensation Appeal Board in the above referenced matter, dated January 21, 1982, is hereby affirmed.

---

[5] *See* Section 419 of the Act, 77 P.S. §852.