Walter Lesneski, Petitioner *v.* Workmen's Compensation Appeal Board (Pittsburgh Press Company and Vigilant Insurance Company), Respondents.

Argued March 12, 1985, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Amiel B. Caramanna, Jr.,* with him, *Alexander J. Pentecost,* for petitioner.

*Raymond F. Keisling,* for respondents.

Opinion by Judge Craig, December 27, 1985:

Walter Lesneski questions a Workmen's Compensation Appeal Board order which reversed a referee's decision restoring his eligibility for disability payments.

Lesneski, a driver for the Pittsburgh Press, was injured in the course of his employment in August, 1976, and received compensation benefits through October, 1977. At that time, he signed a final receipt[1] and returned to work. In July, 1980, Lesneski, complaining of pain and no longer employed by the Press, filed a petition to set aside the final receipt that he had signed in 1977.

A referee, considering deposition testimony, found that Lesneski "was still disabled when he signed the final receipt on October 31, 1977." The employer appealed, alleging that the medical depositions did not prove that Lesneski remained disabled at the time he signed the final receipt, and therefore that the referee was incorrect in his ruling. The board reversed the referee and dismissed Lesneski's petition. This appeal followed.

In his brief, Lesneski contends that there is substantial evidence on record to support the referee's finding that Lesneski's disability had not terminated at the time he signed the final receipt. Significantly, Lesneski relies upon his own deposition testimony as well as the supporting depositions provided by two physicians. However, although the referee apparently considered Lesneski's deposition, it was not in the original record compiled by the board and certified to us. Because of questions regarding the status of Lesneski's deposition this court, in a separate opinion and order, remanded this case to the board in order to determine

---

[1] The Pennsylvania Workmen's Compensation Act, Act of June ,2, 1915, P.L. 736, §434, *as amended*, 77 P.S. §1001.

whether or not Lesneski's deposition was, in fact, a part of the official record before us and to reconsider its decision in the case. Accordingly, the board conducted an additional hearing and although it received no new evidence, it concluded that Lesneski's deposition had in fact been admitted into the record and reissued its original November 25, 1983 decision reversing the referee and denying benefits. We reverse.

In workmen's compensation cases, the referee, not the board, is the ultimate factfinder. *Garcia v. Workmen's Compensation Appeal Board (Bethlehem Steel Corporation)*, 503 Pa. 342, 469 A.2d 585 (1983). In his findings of fact, the referee stated:

4. Claimant did return to work at his job as a truck driver for the defendant and continued to work but missed several periods of work because he was still experiencing pain and discomfort in his lower back and left leg.

5. Claimant had to stop work May 16, 1980, due to the pain and discomfort which made it difficult for him to continue. He has not worked since.

. . . .

7. Claimant presented the testimony of Dr. Erle M. Heath, M.D. Dr. Heath examined the claimant in June of 1981 and continued treating him with the diagnosis of a chronic lumbar strain and degenerative arthritis, which was aggravated by the claimant's compensable injury. It was Dr. Heath's opinion that as a result of the chronic lumbar strain and aggravated degenerative osteoarthritis claimant was totally disabled and continues to be totally disabled for his job as a truck driver, which required not only driving but lifting heavy bundles of newspapers.

8. Claimant also presented the testimony of Louis H. Brandstetter, M.D. Dr. Brandstetter diagnosed that claimant had a chronic prostatitis condition which was directly related to his compensable injury and that claimant could not perform his former job as a result.

9. Robert F. Botkin, M.D., testified on behalf of the defendant. It was the doctor's opinion that claimant was not disabled for his job as a truck driver, even though he exhibited muscle spasm in the lumbo sacral area.

10. Your Referee finds the testimony of Doctors Heath and Brandstetter more credible in this instance than that of Dr. Botkin, and finds accordingly that *claimant was still disabled when he signed the Final Receipt* on October 31, 1977. (Emphasis added.)

In its review, the board is limited, as is this court, to determining whether substantial evidence supports the referee's findings of fact or whether an error of law was committed. *Dudley v. Workmen's Compensation Appeal Board (Township of Marple)*, 80 Pa. Commonwealth Ct. 233, 471 A.2d 169 (1984). Because we now have Lesneski's testimony included in the record before us, we have a situation by which the claimant's own testimony (Findings of Fact Nos. 4, 5), in conjunction with the medical evidence (Findings of Fact Nos. 7, 8, 9), constitutes substantial evidence to support the referee's findings. *American Chain and Cable Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 574, 391 A.2d 50 (1978).

Lesneski testified that his back continually bothered him from the time of his accident up until the last time that he worked:

Q. From the time you worked from August 14, 1976, the date of the accident, up until the last time you worked—

A. Yes, sir.

Q. How was your back doing as you would perform your job?

A. Well, *my back always bothered me.* I went to work anyway, because the compensation was giving me a hard time. *The back was always bothering me.* I couldn't straighten it.

Q. Would you have any difficulty doing the job?

A. Yes, sir, I did. (Emphasis added.)

Although the board, at the time that it filed its decision, correctly cited the "clear and convincing proof" standard, this court has since redefined the burden of proof faced by a claimant seeking to set aside a final receipt of benefits. In *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.),* 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984) this court held that, because the 1972 amendments to section 434 of the Act, 77 P.S. §1001, eliminated the conclusive proof requirement, a claimant need only provide "sufficient credible competent evidence."

Unlike *Sheibley,* the record here also contains medical testimony pertinent to the point at issue. Dr. Erle Heath, testifying on deposition for Lesneski, stated:

A: I reviewed the X-rays that were taken at St. Clair Hospital in August of *1976* and it did show some hypertrophic changes in the lumbar spine at that time which would confirm that the arthritis existed prior to the accident. However, this was asymptomatic, he was really not aware of this and continued to work regularly. However, *since that time this was aggravated by the injury,* and the changes in the X-rays which I took in 1981 are certainly advanced in relation to those of 1976.

Q: Doctor, let me ask you this then: Based on the history of the patient gave you and what

do you feel within a reasonable degree of medical certainty was the cause of your diagnosis with the exception of the degenerative arthritis?

A: In my opinion *the chronic lumbar strain and the resulting symptoms and disability is undoubtedly the direct result of the accident of August of 1976,* and part of his disability is the result of aggravation by trauma of the accident of 1976 of the preexisting degenerative or osteoarthritis.

Q: So then to sum up, your diagnosis would be the chronic lumbar strain and the residual muscle damages, and you feel was caused by the accident and the degenerative arthritic condition was aggravated based on history?

A: Yes, based on history and the change in X-rays.

Q: Change in X-rays, which is documented.

A: Yes. (Emphasis added.)

Although there is no medical testimony explicitly stating that at the time he signed the final receipt Lesneski still suffered disability attributable to the accident, the clear implication here is that the disability never ceased. That Dr. Heath did not examine Lesneski until 1981 does not lessen the competency of his testimony because, in formulating his opinion, he reviewed the 1976 medical data.

So viewed, Dr. Heath's medical testimony confirms that disability continued to exist through October, 1977, when the final receipt was signed.

Thus, Lesneski's testimony, in conjunction with his physicians' testimony, provides competent evidence which the referee found sufficiently credible to rule that Lesneski still suffered compensable disability at the time he signed the final receipt.

The board may disregard a referee's findings only where there is an absence of competent evidence to

support the findings. *Arena v. Workmen's Compensation Appeal Board (Packaging Systems Corp.)*, 85 Pa. Commonwealth Ct. 553, 483 A.2d 577 (1984). Unless the board hears additional evidence, it, like this court, is "necessarily confined to a limited reviewing function." 85 Pa. Commonwealth Ct. at 556, 483 A.2d at 579.

Accordingly, we reverse the board's order.

### ORDER

Now, December 27, 1985, the order of the Workmen's Compensation Appeal Board, dated November 25, 1983, and republished on September 17, 1985, is reversed, and the order of the referee dated June 23, 1982, granting benefits and providing for attorney's fees, costs and interest, is affirmed.