514 A.2d 1021

Russel D. Heath, Petitioner *v*. Workmen's Compensation Appeal Board (Agway, Inc.), Respondents.

Submitted on briefs May 13, 1986, to Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*William H. Poole, Jr., McCullough & Poole,* for petitioner.

*Mark Woodbury, III,* for respondent, Agway, Inc.

OPINION BY JUDGE DOYLE, September 16, 1986:

Russel D. Heath (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board)

which affirmed a referee's decision denying Claimant benefits for failure to establish a causal connection between his work and his injury.

On February 4, 1983, Claimant discovered a lump in his abdomen while bathing at home. This lump was later diagnosed by his physician, Dr. Edward Garber, as a ventral hernia. Claimant had suffered two similar hernias in 1981 and 1982, each of which had occurred during strenuous activity in the course of his employment with Agway, Inc. In the present case, Claimant was unable to connect his injury with any specific incident. All three hernias were located in approximately the same area of Claimant's abdomen. This was also the same area in which Claimant had undergone abdominal surgery for an abcess or infection in 1971. Dr. Garber performed the reparative surgery for all three of Claimant's hernias, but not for the 1971 infection.

At the referee's hearing in this case, Claimant presented extensive deposition testimony by Dr. Garber concerning the nature and cause of Claimant's injury. The referee concluded that this testimony was equivocal on the issue of causation, and accordingly denied benefits. Claimant appealed to the Board which affirmed the referee's decision. He now appeals to this Court contending that both the Board and the referee erred as a matter of law in concluding that Dr. Garber's testimony was equivocal.

In addition to the facts recited above, the referee made the following findings:

7. Dr. Garber testified that he was unable to say whether or not the Claimant's work activities including the heavy lifting which he performed as part of his duties at work caused the present hernia.

8. Dr. Garber testified that the work activities 'may have' aggravated the Claimant's weak-

ness or 'probably' aggravated his condition but could not say that the work activities were the cause of the present hernia nor could he state what had caused the present hernia.

9. Although Dr. Garber upon redirect examination stated that he believed the work activities did aggravate the Claimant's condition, he explained on re-cross-examination immediately thereafter that there were other activities which could have aggravated the condition and that he could not say with reasonable medical certainty that *only* work caused or aggravated the condition. (Emphasis added.)

10. Dr. Garber testified that among the types of activities which might have caused this type of hernia were pushing, pulling, lifting and stretching.

11. Dr. Garber testified that as of July 20, 1983, the Plaintiff had fully recovered from his hernia.

12. Dr. Garber testified that he had, along with his partner Dr. Grove, recommended that the Claimant refrain from heavy lifting activities because of his apparent susceptibility of getting hernias.

The Board reviewed Dr. Garber's testimony and the referee's findings of fact and stated that:

Although Dr. Garber on the majority of answers indicated causation unequivocally, he also expressed doubt on causation (both on direct and cross-examination) on several occasions. . . . This Board cannot reverse the referee where there were such inconsistencies in the doctor's testimony so that the referee as judge of credibility could find the testimony equivocal.

It is apparent from these statements that the Board erred in constricting its own scope of review. In a work-

men's compensation case, the referee, and not the Board, is the ultimate fact-finder. *Lesneski v. Workmen's Compensation Appeal Board (Pittsburgh Press Co.)*, 94 Pa. Commonwealth Ct. 18, 503 A.2d 73 (1985). However, whether or not medical evidence is equivocal or unequivocal requires a determination of its competency, not its credibility. *Fessler v. Workmen's Compensation Appeal Board (Nationwide Insurance Co.)*, 86 Pa. Commonwealth Ct. 198, 484 A.2d 422 (1984). Accordingly, our duty is to review the record to determine whether the medical evidence was unequivocal and the referee's disregard of it improper. *Id.*

We stated in *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983) that "it is not the law . . . that every utterance which escapes the lips of a medical witness on a medical subject, must be certain, positive, and without reservation, exception or peradventure of a doubt." *Id.* at 206, 465 A.2d at 134-35. It is enough if the testimony, viewed as a whole, establishes a work-related aggravation of a pre-existing condition. *Id.* at 207, 465 A.2d at 135. Having carefully examined the record in the instant case, we conclude that Dr. Garber's testimony, when viewed as a whole, was unequivocal on the issue of causation. The doctor testified initially that Claimant's 1971 operation created in him a pre-existing susceptibility to developing hernias in the area of the old incision. However, the record also reveals that he was *specifically* questioned no less than *four times,* on both direct and cross-examination, whether or not he was able to state with reasonable medical certainty that Claimant's work had aggravated this condition, and each time he gave an absolute and unqualified affirmative response. The last of these exchanges was as follows:

Q: Are you able to state with reasonable medical certainty an opinion as to whether or

not Mr. Heath's work aggravated his hernia condition?

A: I believe his work did aggravate his condition.

Q: And that is with reasonable medical certainty?

A: With reasonable medical certainty.

This Court stated in *Fessler:*

There is a fine line, indeed almost indistinguishable at times, between clearly unequivocal medical testimony and medical testimony which is couched in less than positive terms because the witness is unable to rule out all other factors with reasonable medical certainty when expressing a medical opinion. The language focused upon by the referee does not in this case render the doctor's testimony equivocal because medical science is not capable of absolute certainty in all matters and some opinions must necessarily be judgmental.

*Id.* at 205, 489 A.2d at 426.

Such is the situation before us now. The fact that Dr. Garber could not rule out with absolute certainty the possibility that other factors may have contributed to the aggravation does not render equivocal his obviously quite firmly held opinion that Claimant's work *did* aggravate his abdominal weakness.

We will reverse the Board.

### ORDER

Now, September 16, 1986, the Order of the Workmen's Compensation Appeal Board, No. A-88273, dated July 2, 1985, is hereby reversed.