535 A.2d 310

David Terrell, Petitioner *v.* Workmen's Compensation Appeal Board (J. V. McNicholas), Respondents.

Argued October 8, 1987, before Judges BARRY and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Sanford A. Middleman,* for petitioner.

*Michael J. Seymour,* for respondent, J. V. McNicholas.

OPINION BY JUDGE COLINS, January 8, 1988:

On January 9, 1976 David Terrell (claimant) suffered injuries to his ear, neck and back while attempting to thaw a brake line on a truck owned by J. V. McNicholas (employer). A spark from the flare that the claimant was using to heat the brake line entered his ear, puncturing his eardrum. Claimant reacted by jerking his head and neck back against the truck. Subsequently, claimant was examined by a physician at the Eye and Ear Hospital in Pittsburgh (Eye and Ear) and diagnosed as having a hole in his eardrum. Claimant consulted an Octologist on the referral of a physician at Eye and Ear. The claimant was further referred to a chiropractor for treatment of neck and back pain. He initially consulted Dr. Biddle, a chiropractor, but was eventually refused treatment due to his persistence in attempting to work. Thereafter, claimant consulted a second chiropractor, one Dr. Mann, from May 25, 1976 until December, 1976. Dr. Mann took claimant out of his work until on or about December 18, 1976. From the date of injury, the claimant attempted to work intermittently, citing neck and back pain as the cause of his absence.[1]

---

[1] Claimant was absent sporadically from January 26, 1976 until April 30, 1976, his last day of work with the employer.

The claimant filed a Claim Petition on February 14, 1978 requesting Workmen's Compensation benefits for the period of May 25, 1976 until November 30, 1976. Referee John G. Fahey (Referee Fahey) awarded benefits to the claimant on May 18, 1979. However, on appeal, the Workmen's Compensation Appeal Board (Board) reversed and remanded the decision on January 10, 1980.[2]

A rehearing was held, at which time the claimant testified and presented the deposition transcript of Dr. Albert T. Smith (Dr. Smith), claimant's medical expert, who examined the claimant in 1982. Benefits were once again granted to the claimant by Referee Fahey on March 30, 1984. On appeal, the employer alleged that the referee had received no evidence and made no finding of fact as to the issue of causation. The Board again remanded this claim on January 10, 1985 stating that "on remand the parties will be afforded an opportunity to present evidence and witnesses and shall be afforded the right to cross examination as to the causation issue." Due to the retirement of Referee Fahey, the claim petition was reassigned to Referee Thomas J. Ferris (Referee Ferris), who awarded the claimant medical payments, certain counsel fees and costs only. On appeal, the Board affirmed the decision of Referee Ferris. Claimant here appeals the Order of the Board.

Claimant raises two issues on appeal. First, he contends that the Board committed an error of law in its January 10, 1985 remand of Referee Fahey's decision, since the findings were supported by competent and substantial evidence in the form of testimony of the claimant and Dr. Smith. Secondly, claimant argues that

---

[2] The employer contended that it was denied due process of law in that it did not receive proper notice of the hearing and did not know of the right to have counsel present at the hearing. Claimant has failed to raise the issue of whether the first remand of the Board was correct. Accordingly, that issue is waived.

the decision of Referee Ferris was not supported by substantial evidence. We shall address these issues *seriatim*.

The Board may remand when findings of the referee are not supported by the evidence or where a necessary finding was not made. *Fessler v. Workmen's Compensation Appeal Board (Nationwide Insurance Co.)*, 86 Pa. Commonwealth Ct. 198, 484 A.2d 422 (1984). A review of the record indicates that Referee Fahey, in his decision of March 30, 1984, made no finding of fact as to the legal nexus between the injury suffered and the alleged period of disability. Referee Fahey did make the following pertinent findings of fact:

> 8. Claimant testified that he was unable to work from January 26, 1976 to January 30, 1976; and February 9, 1976 to February 11, 1976; and February 23 to February 26; and March 4, 1976, March 8, 1976, March 9, 1976, March 22, 1976, March 31, 1976; and April 1, 1976 to April 19, 1976.
>
> . . .
>
> 11. The referee finds as a fact that based on all the evidence received, both medical and lay, the claimant suffered an injury while in the course of his employment on Janaury [sic] 9, 1976, said injury being a perforated eardrum and neck strain and that claimant was disabled as a result of said injury pursuant to Finding No. 8.

A close examination of these findings indicates that the referee did not determine that a disability existed for the claim period in question, namely, May 25, 1976 to November 30, 1976. Ironically, Finding No. 8 addresses all time periods for which the claimant missed work, but not the time period for which he

claims benefits.[3] Because the necessary finding of fact linking the claimant's disability to the claim period in question was missing, a remand by the Board was clearly in order.[4]

Claimant's second contention that the subsequent decision of Referee Ferris was not supported by substantial evidence is unfounded. Initially, we note that our scope of review is limited to a determination of whether there has been an error of law, a violation of constitutional rights and whether the referee's findings of fact were based upon substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Referee Ferris made the following pertinent finding of fact:

10.   Although claimant sustained his burden of proving that the said injuries were work related, he failed to prove by competent credible medical evidence a legal nexus between said injuries and the following alleged period of disability:

(a)   January 26 through 29, 1976;

(b)   February 1 through 8, 1976;

---

[3] Whether this omission may have been an oversight by the Referee is of no moment, as we cannot supply the missing finding of fact necessary to award benefits to the claimant.

[4] The Board, in its Opinion, failed to set forth the correct reasons for the issuance of the remand. However, having determined that a remand was in order for the reasons set forth in this Opinion, the remand of the Board shall stand. *See Haney v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982) (where a court makes a correct ruling, order, decision, judgment, or decree but assigns erroneous reasons for its action, appellate court will affirm the action below where the correct basis for the ruling, order, decision, judgment, or decree is clear upon the record); *Hankinson v. Department of Public Welfare,* 56 Pa. Commonwealth Ct. 307, 424 A.2d 625 (1981) (where administrative agency assigns erroneous reason to correct decision and record clearly shows correct basis for that decision appellate court will affirm the action below).

    (c)    February 23 through 26, 1976;

    (d)    March 4, 8, 9, 22, and 31, 1976;

    (e)    April 1 through 19, 1976; and

    (f)    May 1 through December 16, 1976.

In making its findings of fact, Referee Ferris had before him the record of the prior proceedings before Referee Fahey and new evidence in the form of the deposition testimony of Dr. Norman Minde (Dr. Minde), the employer's medical expert.[5] The Board's remand order to Referee Ferris specifically indicated that the parties would be afforded the opportunity to present evidence and witnesses and would be afforded the right of cross examination as to the causation issue. The Referee acted within the scope of the remand in allowing the deposition testimony of Dr. Minde to be admitted into the record.

It is well-established in this Commonwealth that in a workmen's compensation case, the expert medical testimony on causation must be unequivocal. *McGinley v. Workmen's Compensation Appeal Board (Acme Markets, Inc.)*, 77 Pa. Commonwealth Ct. 214, 465 A.2d 147 (1983). Furthermore, medical testimony based upon a possibility or even a probability is not legally competent to establish a causal connection in such a case. *Mitchell v. Workmen's Compensation Appeal Board (Townsend & Bottum, Inc.)*, 73 Pa. Commonwealth Ct. 401, 458 A.2d 313 (1983). Medical testimony in a workmen's compensation action is unequivocal when it establishes that the claimant's work experience was the cause of the disability and not just the possible cause of the claimant's condition. *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board (Luketich)*, 92 Pa. Commonwealth Ct. 605, 500 A.2d 501 (1985). In

---

[5] Dr. Minde testified that in his opinion, the claimant had limited disability for approximately six months after the occurrence of the accident.

conducting a review of a witness' testimony to determine whether it is unequivocal, the witness' entire testimony must be reviewed and taken as a whole. *Lewis v. Commonwealth,* 508 Pa. 360, 498 A.2d 800 (1985).

The testimony of Dr. Smith, taken as a whole, was equivocal. He testified:

> A: I feel that with a reasonable degree of medical certainty, based on the history and my examination of the 8th I can say that Mr. Terrell sustained a perforated eardrum, which was related to his lighted flare. The traumatic arthritis is a subjective event, true enough, but as with any patient that I get, since I only go on their relaying to me a history of a particular situation, it makes sense causally that this is a possibility.
>
> Q: Can you state with reasonable medical certainty that the injuries and the subsequent treatment therefor and the subsequent disability, which Mr. Terrell stated and which you discovered from the transcript, were caused by the accident or incident which Mr. Terrell referred to you in your history?
>
> A: That's my opinion.
>
> Q: That it did?
>
> A: That it did happen.
>
> Q: That there is a causal connection?
>
> A: There is a causal relationship between the history and the disabilities listed.
>
> . . .
>
> On cross-examination he testified:
>
> Q: Do I understand further it is in the opinion which I have objected to and I wish to have a ruling on by the referee concerning the causal relationship between his accident of January 9, 1976 and the condition that you saw, your testimony in that regard is that it makes sense

that it causally is a possibility. Is that your opinion, Doctor?

A: I think I would go on record as saying beyond a shadow of a doubt based on the history and my examination, I can definitely say he had a perforated eardrum.

Q: That's definite in your opinion, I understood that part. I'm talking about the other trauma to his neck, I believe is what you referred to.

A: It's possible conclusively.

Q: Or another way of saying it, as you stated it in direct testimony, was that causally it is a possibility.

A: Yes.

Dr. Smith reiterated this testimony on redirect and recross-examination. This testimony, the sole evidence presented by the claimant on the issue of causation, was clearly equivocal in nature.

The referee concluded, based on the evidence presented, that the claimant had carried his burden of proving that the injury had in fact occurred, but had not carried his burden of proving a legal nexus between the injury and the period of disability. We conclude that the referee had substantial evidence upon which to base his findings of fact. Accordingly, the order of the Board affirming the referee's decision shall stand.

Affirmed.

### ORDER

AND NOW, this 8th day of January, 1988, the Order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.