555 A.2d 974

New Enterprise Stone & Lime, Petitioner *v.* Workmen's Compensation Appeal Board (Baird), Respondents.

Submitted on briefs September 7, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Edward G. Kuyat, Jr.,* with him, *Craig E. Kuyat, Kuyat & Kuyat,* for petitioner.

*Carolann A. Young,* with her, *William L. Kimmel,* for respondent.

OPINION BY JUDGE SMITH, March 17, 1989:

This is an appeal by New Enterprise Stone and Lime (Employer) from a decision of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision to grant benefits to Ronald G. Baird (Claimant) under Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act).[1] The Board is affirmed.

Questions presented on appeal are whether the Claimant met his burden of proving that he sustained a heart attack during the course of his employment; and whether the Board and referee erred in awarding benefits in the nature of a work-related injury when the claim petition only alleged that the Claimant sustained a heart attack.

The referee found that on June 13, 1985, Claimant filed a claim petition alleging that he became disabled on April 11, 1985 when he sustained a heart attack. Claimant's employment began on April 9, 1985 and involved loading and placing signs along construction areas on the Pennsylvania Turnpike. On the day in question, Claimant was riding on the back of a truck when some signs and sign standards, which are used to direct traffic during construction, fell into the path of traffic on the Pennsyl-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

vania Turnpike. Claimant ran for about ten minutes collecting the signs. Findings of Fact Nos. 1-4. Although Claimant complained that he was short of breath, he continued to work that day and for the following two days. On April 11, 1985, Claimant visited his family physician and later that day was admitted to Somerset Community Hospital.

After his admission to the hospital, Claimant was examined by Dr. Nair, a specialist in internal medicine and cardiology, who determined that Claimant had sustained a heart attack on April 9, 1985 and suffered from severe coronary artery disease consisting of total and sub-total blockage of at least three coronary arteries which pre-dated Claimant's heart attack. Findings of Fact No. 13. Dr. Nair further determined that Claimant's physical exertion at work was one of the precipitating factors. The referee determined that Claimant had suffered a compensable injury and awarded weekly compensation benefits of $336.00 effective April 11, 1985. Employer appealed to the Board which affirmed the referee and found that Claimant had suffered an aggravation of a pre-existing injury. Employer thereafter petitioned this Court for review.[2]

Employer initially argues that Claimant has failed to meet his burden of proving with sufficient competent and unequivocal medical evidence that Claimant sustained a compensable injury in the nature of a heart attack which arose during the course of his employment. Employer maintains that because Claimant's physician, Dr. Nair, opined that the cause of Claimant's heart attack was due

---

[2] This Court's scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether the Board's findings were supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

to severe blockage of his coronary arteries and that any activity could have precipitated Claimant's heart attack, Claimant was disabled due to his coronary heart disease and not because of the physical exertion at work. Employer further claims that the referee ignored the gist of Dr. Nair's testimony and only relied upon selective statements. Dr. Katter, a specialist in internal medicine who testified on behalf of Employer, stated that Claimant's heart attack did not occur during his employment on April 9, 1985 as he continued to work for the following two days.

The record here discloses that Dr. Nair, although unable to rule out other factors, was unequivocal in his opinion that Claimant's work was one of the precipitating factors which caused his heart attack. Deposition of Dr. Nair, pp. 14-15. Where medical testimony is necessary to establish a causal connection, the medical witness must testify, not that the injury or condition might have or possibly came from the assigned cause, but that in the medical witness' professional opinion did come from the assigned cause. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985). This Court has held that the question of whether medical testimony is equivocal or unequivocal is a question of competency, not credibility, and that the Board must be affirmed so long as the testimony as a whole establishes a work-related aggravation of a pre-existing injury. *Heath v. Workmen's Compensation Appeal Board (Agway, Inc.)*, 100 Pa. Commonwealth Ct. 524, 514 A.2d 1021 (1986). *Heath* also recognizes that medical science is not capable of absolute certainty and the fact that other factors may have contributed to the injury does not render the medical testimony equivocal.

Moreover, in *Bethlehem Mines Corporation v. Workmen's Compensation Appeal Board (Plutch)*, 97 Pa. Com-

monwealth Ct. 346, 509 A.2d 942 (1986), this Court noted that where there is underlying heart disease which is not work-related and a precipitating cause of heart disease which is work-related, the Claimant may recover as long as there is a causal connection between Claimant's work and the heart attack, and if the causal connection is not obvious, Claimant must demonstrate it by unequivocal medical testimony. On cross-examination, Dr. Nair testified within a reasonable degree of medical certainty that the heart attack was caused by the coronary artery disease and the physical exertion at work. Deposition of Dr. Nair, pp. 30-31. Dr. Katter, on the other hand, was unable to state that Claimant's physical exertion at work was responsible for his heart attack. The referee, in this instance, chose to believe the testimony of Dr. Nair which, as fact finder, is within the sole discretion of the referee. *See Bruckner v. Workmen's Compensation Appeal Board (Lancaster Area Vo-Tech)*, 104 Pa. Commonwealth Ct. 290, 521 A.2d 980 (1987). Claimant has thus met his burden of proving with competent medical testimony that he suffered a work-related injury which resulted in his disability.

Employer finally argues that Claimant should be denied benefits for a work-related injury aggravated by a pre-existing condition because Claimant has failed to show that his disability is due to an aggravation of the pre-existing condition. Also, Employer points out that the claim petition only states that Claimant suffered a heart attack and not an aggravation of a pre-existing condition. Section 301(c) of the Act provides that an injury shall be construed to mean an injury, regardless of the employee's previous physical condition, which arises out of the course of the employment and is related thereto. Furthermore, it has long been the rule in this jurisdiction that in workmen's compensation cases, the

form of the claim petition filed is not controlling where the facts warrant relief. *Sheetz v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.)*, 104 Pa. Commonwealth Ct. 411, 522 A.2d 146 (1987). Employer's contention is thus without merit.

Accordingly, no error having been committed, the decision of the Board is affirmed.

### ORDER

AND NOW, this 17th day of March, 1989, the decision of the Workmen's Compensation Appeal Board is affirmed.

Judge MACPHAIL did not participate in the decision in this case.